IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DOUGLAS GLENN GRIGSBY | § | |
| VS. | § | CIVIL ACTION NO. 5:17cv61 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Douglas Glenn Grigsby, an inmate confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes Petitioner's objections are without merit and should be overruled.

Petitioner seeks to challenge a five-level enhancement applied to his sentence received from the Eastern District of Virginia following his conviction for Receipt of Child Pornography. Petitioner's challenge is based on a recent amendment to the Sentencing Guidelines, Amendment 801. Petitioner objects to the Report and Recommendation asserting that challenges to a sentence rather than the underlying conviction are not categorically barred under 28 U.S.C. § 2241. Further, Petitioner contends the erroneous application of the Sentencing Guidelines is a fundamental sentencing defect which can be remedied under 28 U.S.C. § 2241.

This Court is bound by the precedent of the Fifth Circuit Court of Appeals and the Supreme Court. In the Fifth Circuit, it is clear that a petitioner may not challenge in a § 2241 petition a sentence he received as a result of his conviction rather than the conviction itself. *Reyes-Requena v. United States*, 243 F.3d. 893, 894 (5th Cir. 2001); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Recently, in *Logan v. Warden Fed. Correctional Complex Beaumont,* 644 F. App'x 280 (5th Cir. 2016), the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as asserted in this petition, that he was erroneously sentenced. The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id.* at 81; *see also Oxner v. Roy*, 616 F. App'x 190, 191 (5th Cir. 2015) (affirming denial of § 2241 petition claiming the sentencing court erroneously determined prior conviction was violent felony pursuant to the Armed Career Criminal Act). As Petitioner challenges the validity of his sentence, his claim does not meet the criteria required to support a claim under the savings clause of 28 U.S.C.

§ 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena,* 243 F.3d. at 894. Thus, this petition should be dismissed.

O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So ORDERED and SIGNED this 13th day of July, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE